Op inion of the court delivered by
Judge Haywood.—
The facts of this case, as collected from the bill, answers and depositions, are these: Heslip sold a tract of land to Prior, and gave him a bond or covenant for title, which in December 1814, Crabtree purchased of Prior, the latter giving to him a bond to deliver to him, Crabtree, the bond of Heslip for title, at a future day; the bond being not then. assigned to Crabtree by writing. Crabtree assumed certain debts due from Prior, and gave him a negro woman for the land and bond on Heslip: this negro woman, Wingfield and Cheatham having purchased at execution sale, sold to Crabtree about the year 1813, and Crabtree was eventually sued for her by Marriot, who recovered against him. Whether Marriot was a purchaer under Prior, or claimed by a title paramount to that of Wingfield and Cheatham, does not appear.
The wench was unsound when Crabtree sold her to Prior; but the latter knew of her situation before the sale made to him by Crabtree: had seen her swelled with the dropsy, and had been told that she could not recover. It does not appear that Crabtree sold her as sound to Prior. Prior mortgaged the bond for title, and the wench, to Cheatham, 17th April, 1816; but the objects to be secured by the mortgage having been attained, it was surrendered, and the wench returned into the possession of Prior. Afterwards, in the latter part of 1816, or in 1817, Cheatham purchased the bond from Prior, and amongst other things agreed to pay Crabtree out of its proceeds between 300 and 400 dollars, if eventually he should be found to be entitled to any thing. Suit had then been instituted on the bond in the name of Prior by Crabtree, and judgment was afterwards given for 1000 dollars; a *139 fi. fa. was put into the hands of Cheatham as sheriff, and he collected part of the money, and claims the residue.
The object of the bill is, that Crabtree may be decía-red entitled to the bond, and judgment upon it, and to the moneys collected upon it, find to be collected. The defence is that Prior was entitled as against Crabtree to damages for the unsoundness of the negro woman, and that Cheatham, standing in his place, cannot be compelled to pay to Crabtree the moneys collected on the judgment, till he be previously paid the damages for the unsoundness, to which Prior was entitled.
Prior was not entitled to damages: he had gone with Darby to Barry’s, and had seen the woman swelled with the dropsy, and had been told by Darby that she was too far gone to be recovered: afterwards, says Darby, Crab-tree sold her to Prior •, and again, the rule is, that if there be no warranty made to tbe vendee, he cannot be entitled to damages for unsoundness, unless the vendor knew it, and yet sold the unsound article as a sound one; not if he sold it as unsound, and for better for worse, not making any false representations to induce the vendee to purchase.
The cases upon this head are collected in 2 E. 324, and the cases there cited in the notes, and 448, and the cases there cited in the notes. Prior, therefore, and Cheatham claiming under him, had no substantial claim for damages on this account against Crabtree; and there must be a decree for the complainant.
As to the plea of the statute of frauds, it cannot apply; for in thili case there was a bond from Prior to Crab-tree, to deliver the bond of Heslip at a future day, and also possession was taken by Crabtree immediately after he purchased.
Decree for complainant.